UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIEL STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CV-962 JD |
| | ) | |
| RON WHITT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Kiel Stone alleges that he was unlawfully stopped by Officer Ron Whitt. He sued Officer
Whitt, plus the Town of New Carlisle, the New Carlisle Police Department, and the Indiana Law
Enforcement Academy, alleging violations of his constitutional rights. All of the defendants
moved to dismiss the amended complaint. The Court grants those motions except as to Mr.
Stone's claim against Officer Whitt for stopping him in violation of the Fourth Amendment.

## I. FACTUAL BACKGROUND

Kiel Stone alleges that he was driving in New Carlisle, Indiana, in November 2016, when
he was pulled over by Officer Ron Whitt of the New Carlisle Police Department. He alleges that
he was not speeding at the time, and that he had not committed any other traffic infractions or
broken any laws. Officer Whitt approached his car and told Mr. Stone that his vehicle matched
the description of a suspect in a domestic violence incident and that his license plate was
obstructed by a trailer hitch. Mr. Stone alleges that those statements were false. He asserts that
his vehicle was unique and very rare, and that it could not have been reasonably confused with
the vehicle associated with the domestic violence suspect. He further asserts that Officer Whitt
was personally familiar with his vehicle and knew it did not belong to that individual. In

addition, Mr. Stone alleges that the license plate was not obscured by a trailer hitch, which he argues is corroborated by the dash cam video of the stop.

In November 2018, Mr. Stone filed this suit against Officer Whitt, alleging that Officer Whitt violated his constitutional rights by pulling him over without justification. Mr. Stone later filed an amended complaint in which he added three new defendants: the Town of New Carlisle, the New Carlisle Police Department, and the Indiana Law Enforcement Academy. The defendants each moved to dismiss, and those motions are now ripe.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

Mr. Stone alleges his rights were violated when he was unlawfully stopped without justification. He seeks to hold four defendants liable for that alleged violation: Officer Whitt, the New Carlisle Police Department, the Town of New Carlisle, and the Indiana Law Enforcement Academy. All of them have moved to dismiss the claims, and the Court addresses each defendant in turn.

First, though, the Court must address the materials properly before it on a motion to dismiss. In support of his motion, Officer Whitt submitted an affidavit describing his interaction with Mr. Stone and the reasons he stopped Mr. Stone. He and the town defendants rely on that affidavit to argue that the stop was justified and that Mr. Stone's allegations to the contrary are false. The Court cannot consider such an affidavit at this stage, though. A motion to dismiss tests the sufficiency of a complaint's allegations, not their truth. Fed. R. Civ. P. 12(b), (d); *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018). If the Court were to consider this extrinsic evidence, it would need to convert the motion to a motion for summary judgment, Fed. R. Civ. P. 12(d), but that is not warranted. The factual circumstances of the incident need to be explored through discovery, during which the parties could take depositions and seek the production of documents or videos pertaining to the incident. The defendants have offered no justification for short-circuiting that process here, so the Court considers only the allegations in the complaint, not the evidence submitted by the defendants.

### A.      Officer Whitt

Mr. Stone first asserts a claim against Officer Whitt, arguing that Officer Whitt violated his rights when he initiated a traffic stop without justification. In moving to dismiss, Officer Whitt first argues that no violation occurred because he was justified in stopping Mr. Stone for having an obscured license plate and because his vehicle matched the description of a vehicle

connected to a person involved in a domestic dispute. This argument, however, relies almost entirely on accepting as true the statements in his affidavit, instead of the allegations in Mr. Stone's complaint. The Court cannot do so at the pleading stage, and Mr. Stone's allegations suffice to plead a Fourth Amendment violation. Ms. Stone alleges that his license plate was not obscured by any trailer hitch, and that the vehicle he was driving was unique and could not have reasonably been confused for the vehicle described in the police dispatch. The complaint also alleges that Mr. Stone was not committing any traffic violations at the time. Based on those allegations, Mr. Stone has adequately pled that he was stopped without reasonable suspicion or probable cause, which would violate the Fourth Amendment. *Navarette v. California*, 572 U.S. 393, 396–97 (2014); *United States v. Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011). Officer Whitt is entitled to challenge the truth of those allegations at a later stage, but they suffice to allege an unlawful seizure, so the Court cannot dismiss the claim on that basis.

Officer Whitt also argues that, even if there was a violation, the claim should be dismissed on qualified immunity. That argument likewise relies on crediting his affidavit over Mr. Stone's allegations, though, which the Court cannot do. The argument is also premature. The Seventh Circuit has stated that "[b]ecause a qualified immunity defense so closely depends 'on the facts of the case,' a 'complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds.'" *Reed*, 906 F.3d at 548 (quoting *Alvarado v. Litscher*, 256 F.3d 648, 651 (7th Cir. 2001)). That is true here. Perhaps, for example, the facts will show that Mr. Stone's license plate was obscured, or at least that it reasonably appeared to be so to Officer Whitt, as stated in Officer Whitt's affidavit. Officer Whitt will also have the ability at later stages to offer evidence as to what information he received about a vehicle connected to a domestic dispute, and to argue that the information justified him in stopping Mr. Stone's vehicle. But as already

discussed, the allegations in Mr. Stone's complaint are to the contrary. It was clearly established at the time of the stop that a traffic stop is unlawful if not supported by reasonable suspicion of criminal activity or probable cause that a traffic violation occurred. *Navarette*, 572 U.S. at 396–97; *Garcia-Garcia*, 633 F.3d at 612. Because the complaint does not supply the details on which Officer Whitt bases his qualified immunity defense, the Court cannot dismiss the claim on that ground.

Finally, the Court notes that Mr. Stone's complaint includes a passing reference to a violation of his "right to travel" under the Fourteenth Amendment. He alleges only a single instance in which he was stopped, though, and the lawfulness of that seizure is governed by the Fourth Amendment. Accordingly, the right at issue is Mr. Stone's Fourth Amendment right to be free from unreasonable seizures.

**B.     New Carlisle Police Department**

Mr. Stone also named the New Carlisle Police Department as a defendant. In Indiana, though, a police department has no separate legal existence from its town, so it is not a suable entity. *Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). The Court therefore grants the motion to dismiss as to the New Carlisle Police Department.

**C.     Town of New Carlisle**

Next, Mr. Stone sued the Town of New Carlisle. He alleges that the Town is responsible for the unlawful stop because it failed to properly train its officers, leading to an unlawful stop by Officer Whitt. This claim fails, though, because the complaint does not allege any plausible basis upon which the Town could be held liable for that violation. Section 1983 does not impose vicarious liability against municipalities. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). "Plaintiffs who seek to impose liability on local governments under § 1983 must [allege] that

'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Here, Mr. Stone claims that the Town is liable because of its failure to train its officers, but his complaint supplies no allegations to make that claim plausible. For a municipality to be liable under § 1983 for a failure to train, the "failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the untrained employees come into contact.'" *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)) (internal alteration omitted). Mr. Stone argues that the Town should have offered "extended constitutional training," but he does not say what that training would be or how it differs from any training the Town already offers. Nor does he allege that any other similar violations have taken place such that Town officials should be aware of a deficiency in the training provided to its officers. Instead, he bases his claim on a single violation, plus a conclusory allegation that the Town failed to train its officers, which falls short of pleading a plausible claim and putting the Town on notice of what it is alleged to have done wrong.

In addition, Mr. Stone failed to allege that any additional training would have affected the violation at issue here. He alleges that the effect of any additional training would be that Officer Whitt would have followed behind him and run his license plate before pulling him over, which he believes would have notified Officer Whitt that he wasn't the person involved in the domestic dispute. Mr. Stone's claim, though, is based on his allegation that his car was so unique that Officer Whitt couldn't have thought it was the car identified in the dispatch anyway. He even alleges that Officer Whitt knew the vehicle belonged to his family without needing to run the plates. The "extended" training thus would have had no impact on this alleged violation. Also, the constitution does not require that kind of additional investigation once an officer has cause to

initiate a seizure. *Stokes v. Bd. of Educ. of the City of Chicago*, 599 F.3d 617, 624 (7th Cir. 2010) ("[T]he Fourth Amendment does not require an officer with probable cause to arrest to wait while pursuing further investigation."); *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 744 (7th Cir. 2003) ("[O]nce an officer learns sufficient trustworthy information establishing probable cause, he is entitled to rely on what he knows in pursuing charges or an arrest, and is under no further duty to investigate."). The Town thus could not be liable for failing to train its officers to take that additional, unnecessary step. The Court thus concludes that Mr. Stone has not alleged a plausible claim against the Town, so the Court grants the motion to dismiss as to the Town.

## D.  Indiana Law Enforcement Academy

Finally, Mr. Stone sued the Indiana Law Enforcement Academy, alleging that it is liable because it fails to properly train its trainees. The Academy moved to dismiss on multiple grounds. In response, Mr. Stone states that he agrees to dismiss the Academy "for the time being," but that its "involvement in this case may not be concluded." [DE 35]. That appears to be a request to dismiss the claim without prejudice, but that is not warranted since, as the Academy argues, it is not subject to suit under § 1983 in the first place. The Court thus dismisses this claim with prejudice.

Section 1983 provides a cause of action against a "person" who violates a plaintiff's rights, but the Supreme Court has held that states and their agencies do not qualify as "persons" in this context. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017). To determine if a particular entity is a state agency, "courts look at: (1) the extent of the entity's financial autonomy from the state; and (2) the general legal status of the entity." *Tucker v. Williams*, 682 F.3d 654 (7th Cir. 2012); *Kashani v. Purdue Univ.*, 813 F.2d 843, 845 (7th Cir. 1897). Here, the Academy was built and is operated with funds provided

by the state. Ind. Code § 5-2-1-13. Fee schedules for attendance at the Academy are established by the law enforcement training board, which is a criminal justice agency of the state. *Id.* § 5-2-1-3, -15(f). The Academy is also run by the executive director of the law enforcement training board, *id.* § 5-2-1-14, and its facilities are available for use by state and municipal law enforcement agencies. *Id.* § 5-2-1-15(a). The Academy is thus a state agency, meaning it cannot be sued under § 1983, so the claim against it is dismissed with prejudice.[1]

## IV. CONCLUSION

The Court GRANTS the Indiana Law Enforcement Academy's motion to dismiss. [DE 13]. The Court also GRANTS the remaining defendants' motion to dismiss [DE 16], except as to Mr. Stone's § 1983 claim against Officer Whitt for violating his rights under the Fourth Amendment, which remains pending.

Finally, the Court notes that the Court recently entered a filing restriction on Mr. Stone for the pattern of frivolous and malicious suits he has filed in other cases. *Stone v. Glenn*, No. 3:19-cv-589 (N.D. Ind. Aug. 6, 2019). That restriction also prevents him from making any filings in this case, and will be in effect until Mr. Stone pays the fine and any other outstanding fees or sanctions. Accordingly, if Mr. Stone has not paid those amounts so as to lift the restriction within a reasonable amount of time, this action may be dismissed for want of prosecution.

SO ORDERED.

ENTERED: August 9, 2019

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court

---

[1] The claim is also barred by the statute of limitations for the reasons explained by the Academy, but the Court need not further address that additional ground for this holding.